[Civ. No. 26176. First Dist., Div. Four. May 14, 1970.]

MARION T. HUNT, Plaintiff and Appellant, v.
ALUM ROCK UNION ELEMENTARY SCHOOL DISTRICT,
Defendant and Respondent.

**COUNSEL**

Johnson & Stanton, Gardiner Johnson, Thomas E. Stanton, Jr., and Marshall A. Staunton for Plaintiff and Appellant.

John R. Kennedy, County Counsel, and Maurice B. Hill, Deputy County Counsel, for Defendant and Respondent.

## Opinion

**DEVINE, P. J.**—Appellant, a credentialed school teacher, petitioned for writ of mandate to compel respondent school district to advance him one step on the salary scale and to pay additional compensation for past years. Demurrer to his petition was sustained without leave to amend, the case was dismissed, and plaintiff appeals.

The plan of the Alum Rock Union Elementary School District is expressed in a statement of salary policy. It provides for annual increments of salary, between a minimum and a maximum, on condition that the employee have been on duty at full pay for a minimum of 75 percent of the California school year, referred to as "a year of experience." But exceptions to the requirement of performance is made for certificated employees who are granted military leave or sabbatical leave.

Plaintiff was not on duty 75 percent of the school year, because he was on sick leave. He had hepatitis. He contends that respondent's salary policy conflicts with the Education Code and denies equal protection of the laws.

A school district may not prescribe or enforce a rule which is inconsistent with state law. (Ed. Code, § 925.) But within the limits defined by that code, a school board has control over teachers' salaries. (*Fry* v. *Board of Education,* 17 Cal.2d 753, 757 [112 P.2d 229].) The requirement for increment of salary of 75 percent attendance upon teaching duties is reasonable on the proposition that this amount of experience is compensable by augmentation of reward, but a lesser amount is not.

But appellant contends that this requirement "has a direct tendency" to defeat the objectives (efficiency, morale and general welfare, and protection against contagious diseases) of the state's sick leave statutes as they apply to certificated employees. These statutes (Ed. Code, §§ 13455, 13467, 13468) grant sick leave rights and work-related accident and illness leave rights, but they do not provide for or mention in any way increments of salary. Appellant's theory seems to be that if a certificated employee avails himself of his sick leave rights under the statutes, he is penalized by the Alum Rock Union Elementary School District's policy in respect of salary increases. We do not see the logic in this argument. Appellant was entitled to sick leave benefits and he got them. The fact that he did not get the increase was simply because he did not gain the experience which the school district's policy requires. If the Legislature had intended to make such increments mandatory, doubtless it would have said so.

It is significant to note that the challenged salary policy is consistent with Education Code sections 13328 and 13304 which, in effect, provide

that a probationary employee must serve at least 75 percent of each school year (Ed. Code, § 13328) for three consecutive school years in order to be certified as a permanent employee of a school district (Ed. Code, § 13304). ■ Since the Legislature requires 75 percent attendance by probationary teachers as a condition of achieving permanent status, no plausible reason exists for the contention that a school board's similar requirement conditioning permanent teachers' rights to annual salary increments is inconsistent with state law.

■ We find no denial of equal protection of the laws in the fact that teachers who are absent on military leave are entitled to all rights and privileges which they would have had had they not been absent on such leave, as set forth in Military and Veterans Code section 395.1, subdivision (b), and Education Code section 13552, whereas an employee whose absence is caused by illness does not necessarily have all of these rights and privileges. There is a strong public policy in favor of granting credit to employees on military leave (*Cunningham* v. *Hart,* 80 Cal.App.2d 902 [183 P.2d 75]). There is present here a reasonable classification.

Sabbatical leave, too, is distinguishable because it is granted under Education Code section 13457 only for the purpose of travel or study "which will benefit the schools and pupils of the [school] district." (See *Standard Elementary School Dist.* v. *Healy,* 26 Cal.App.2d 172 [79 P.2d 123].)

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 8, 1970.