[No. B072710. Second Dist., Div. Four. Sept. 20, 1994.]

OPHRA GRIEGO, Plaintiff and Appellant, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

**COUNSEL**

Lawrence B. Trygstad and Richard J. Schwab for Plaintiff and Appellant.

Howard Friedman for Defendants and Respondents.

**OPINION**

**VOGEL (C. S.), J.**—Plaintiff and appellant Ophra Griego sought a writ of ordinary mandamus (Code Civ. Proc., § 1085) to compel defendants and respondents Los Angeles Unified School District et al. (District) to classify her as a permanent employee. The trial court denied the writ, concluding on

undisputed facts that as a matter of law Griego did not meet the statutory qualifications for permanent status (Ed. Code, § 44929.21, subd. (b)),[1] and, therefore, District had no clear and present ministerial duty to classify Griego as permanent.

This appeal from the judgment involves only a question of statutory interpretation, a question of law for this court to resolve independently of the trial court's conclusion. (*Rodriguez* v. *Solis* (1991) 1 Cal.App.4th 495, 501-502 [2 Cal.Rptr.2d 50].) We reverse, concluding that construing section 44929.21 with section 44975, Griego is entitled to classification as a permanent employee.

## BACKGROUND

The pertinent facts are undisputed. In the 1989-1990 school year, Griego taught a complete school year (more than 75 percent of the number of days regular school was maintained) as a probationary employee. In the 1990-1991 school year, Griego's second year as a probationary employee, Griego taught slightly less than 75 percent of the days, due to a work-related injury for which she was on approved industrial leave of absence. In the 1991-1992 school year, Griego again taught a complete school year as a probationary employee. On June 23, 1992, District's governing board notified Griego that she was not reelected to her position for the 1992-1993 school year.

Griego seeks permanent status pursuant to section 44929.21, subdivision (b), which provides in pertinent part: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after *having been employed by the district for two complete consecutive school years* in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district. . . . [¶] *The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment* by the district in a position or positions requiring certification qualifications, of the decision to reelect or not reelect the employee for the next succeeding school year to the position. *In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year.*" (Italics added.)

District contends that section 44929.21 is inapplicable, because in Griego's three years as a probationary employee she never had *two complete*

---

[1]All statutory references are to the Education Code unless otherwise indicated.

*consecutive* years of employment. Griego's middle year, 1990-1991, was not *complete*, because she served less than 75 percent of the days school was maintained.[2] District relies on the fact that neither the 1989-1990 to 1990-1991 combination, nor the 1990-1991 to 1991-1992 combination, constituted *two complete consecutive* years of employment.

Griego replies that section 44929.21 must be construed in light of section 44975 relating to leaves of absence. Section 44975 provides: *"No leave of absence when granted to a probationary employee shall be construed as a break in the continuity of service required for the classification of the employee as permanent. The time during which the leave of absence is taken shall not be considered as employment within the meaning of Sections 44882 to 44891, inclusive, Sections 44893 to 44900, inclusive, Sections 44901 to 44906, inclusive, and Sections 44908 to 44919, inclusive."*[3] (Italics added.) Griego contends that, under the first sentence of section 44975, her middle year with leave of absence was "continuity of service," therefore her first and third years must be treated as consecutive within the meaning of section 44929.21. The result, Griego contends, is that District had to notify her by March 15, 1992, that she was not reelected to her position for the succeeding year, and District's June 23, 1992, notice was too late to prevent Griego from being deemed a permanent employee.

District contends the first sentence of section 44975 is inapplicable because of the exception in the second sentence.

Griego's interpretation is meritorious.

## DISCUSSION

In construing a statute, the various parts of the enactment must be harmonized by considering the clause or section in the context of the

---

[2]Section 44908 defines a complete school year for a probationary employee. It states, "A probationary employee who, in any one school year, has served for at least 75 percent of the number of days the regular schools of the district in which he is employed are maintained shall be deemed to have served a complete school year. In case of evening schools, 75 percent of the number of days the evening schools of the district are in session shall be deemed a complete school year."

[3]Former section 44882 (Stats. 1976, ch. 1010, § 2, p. 3425, amended by Stats. 1983, ch. 498, § 46, pp. 2080-2081) was the predecessor of section 44929.21. It appears that when the Legislature in 1987 repealed section 44882 and transferred its substance to section 44929.21 (Stats. 1987, ch. 1452, § 366.5, p. 5447; *id.*, § 380, p. 5449), it neglected to amend section 44975 correspondingly. We regard this as legislative oversight. For the purpose of our discussion, we treat the reference to section 44882 as a reference to section 44929.21. This does not change our analysis, *post*, of the relation between the first and second sentences of section 44975.

statutory framework as a whole. Further, significance should be given to every word, phrase, sentence and part; a construction making some words surplusage is to be avoided. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

As District contends, section 44929.21 requires two distinct elements concerning the probationary employee's years of service. It requires that two years be (1) complete and (2) consecutive.

Section 44929.21 must be read in light of section 44975, because statutory sections relating to the same subject must be harmonized if possible. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323]; *Cousins* v. *Weaverville Elementary School Dist.* (1994) 24 Cal.App.4th 1846, 1855 [30 Cal.Rptr.2d 310] [construing § 44929.21 in light of other sections].) Sections 44929.21 and 44975 are related. Section 44929.21 concerns classification of probationary employees as permanent based on service; section 44975 concerns the effect of a leave of absence "granted to a probationary employee" on the "service required for the classification of the employee as permanent." Section 44975 provides that "*No leave of absence* when granted to a probationary employee *shall be construed as a break in the continuity of service* required for classification of the employee as permanent." (Italics added.)

We conclude that in referring to "continuity of service," the first sentence of section 44975 relates to the "consecutive" element of section 44929.21. "Consecutive" and "continuity" are closely related concepts. Webster's Ninth New Collegiate Dictionary defines "consecutive" as "following one after the other in order: successive." It defines "continuity" as "uninterrupted connection, succession, or union," and "uninterrupted duration or continuation without essential change." (Webster's New Collegiate Dict. (9th ed. 1986) pp. 279, 284.) Cases dealing with earlier versions of statutes giving tenure to teachers after consecutive years of employment have referred to the "continuity" of the employment. (*Sherman* v. *Board of Trustees* (1935) 9 Cal.App.2d 262, 265 [49 P.2d 350] [resignation not "deemed to have broken the continuity of her contract"]; *Flewelling* v. *Board of Trustees* (1960) 178 Cal.App.2d 168, 174 [2 Cal.Rptr. 891] ["Nor was the continuity of respondent's service towards tenure interrupted by his letter of resignation"].) Therefore, Griego properly relies on the first sentence of section 44975 to argue that between her complete year of service in 1989-1990 and her complete year of service in 1991-1992, there was no break in the continuity of her service.

The second sentence of section 44975, its exception, does not aid District in the circumstances of this case. It provides that "[t]he time during which

the leave of absence is taken shall not be considered as employment" within the meaning of section 44908 or section 44929.21 (former § 44882; see fn. 3, *ante.*) We conclude that in referring to "employment," the second sentence relates to the "complete year" element of section 44929.21. The second sentence of section 44975 would prevent Griego from contending that she had two complete years of service in 1989-1990 and 1990-1991 and that the governing board was required to give notice by March 15, *1991*, in order to prevent her from achieving permanent status. That is not Griego's contention. She contends that 1991-1992 was her second complete year of service; that by virtue of section 44975, there was no break in continuity between her first complete year and her second complete year; therefore the board was required to give notice by March 15, *1992*. We agree.

Griego has *more than* two complete years of teaching. She had a complete year in 1989-1990 and a complete year in 1991-1992. The intervening third year was interrupted only by an approved leave of absence. The mandate of section 44975 that a leave of absence not be construed as a break in continuity of service requires that Griego's years of service be treated as continuous, i.e., consecutive.

The problem with District's reliance on the second sentence of section 44975 is that District gives no meaning to the first sentence and virtually reads the first sentence out of the statute. District does not offer an example where the first sentence *would* apply, if it does not apply here. The rules of construction require us to give significance to every part of the statute if possible. Our conclusion that the first sentence of section 44975 on "continuity" addresses the "consecutive" element of section 44929.21 while the second sentence on "employment" addresses the "complete year" element gives significance to both parts.

The provision of section 44975 that no leave of absence when granted to a probationary employee shall be construed as a break in the continuity of service required for the classification of the employee as permanent is of long standing; it goes back to the 1943 Education Code (then § 13679). (Stats. 1943, ch. 71, p. 576.) District's failure to anticipate by March 15, 1992, that section 44929.21 would apply to two complete years of service interrupted by an approved leave of absence is not justified. District cites no established case law or regulation supporting its interpretation of section 44975. Griego cites 56 California Jurisprudence Third, Schools, section 419, page 622, which harmonizes the code sections in the manner favoring her interpretation. It states, "Both the statutes governing mandatory classification as a permanent employee, and those relating to discretionary classification as a permanent employee, require that the probationary period be for

consecutive years. However, it is expressly provided by the code that no leave of absence granted to a probationary employee may be construed as a break in the continuity of service." (Fns. omitted; citing §§ 44882 [now § 44929.21] and 44975.)

## DISPOSITION

The judgment is reversed. The trial court is directed to conduct such further proceedings as may be necessary consistent with the views expressed herein and to enter judgment accordingly. Costs on appeal are awarded to Griego.

Epstein, Acting P. J., and Hastings, J., concurred.