[No. G027134. Fourth Dist., Div. Three. Dec. 19, 2000.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
RODOLFO NAJERA BLANQUEL, Real Party in Interest.

**COUNSEL**

Tony Rackauckas, District Attorney, and Gregory J. Robischon, Assistant District Attorney, for Petitioner.

No appearance for Respondent.

Carl C. Holmes, Public Defender, Deborah A. Kwast, Chief Deputy Public Defender, and Kevin J. Phillips, Assistant Public Defender, for Real Party in Interest.

**OPINION**

**BEDSWORTH, J.**—The Orange County District Attorney seeks extraordinary relief from the trial court's order sustaining Rodolfo Najera Blanquel's demurrer to felony charges of Vehicle Code section 23152, subdivisions (a) and (b). (All further statutory references are to this code unless otherwise specified.) The information alleges that Blanquel's offenses are felonies because he "was previously convicted of a [felony] violation of [s]ection 23152[,] [subdivision (a)] . . . on [or] about [the] 21st day of October[] 1992, within the meaning of . . . [s]ection 23550.5."

Section 23550.5 was signed into law on July 3, 1998, and took effect on July 1, 1999. On its effective date, the statute provided: "(a) A person is guilty of a public offense, punishable by imprisonment in the state prison or in a county jail for not more than one year and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000) if that person is convicted of a violation of [s]ection 23152 or 23153, and the offense occurred within 10 years of any of the following: [¶] (1) A prior violation of [s]ection 23152 that was punished as a felony under [s]ection 23550 or this section, or both . . . ."

Blanquel's alleged new offenses occurred on July 31, 1999—after this new law took effect. However, because section 23550.5 was new, his 1992 prior conviction for driving under the influence of alcohol could not have been "punished as a felony under [s]ection 23550 or this section, or both . . . ." (§ 23550.5.) Rather, it was punished pursuant to former section 23175 or section 23175.5, which had the same substantive content. Because the statute in effect on the day Blanquel allegedly committed his new offenses—section 23550.5—did not expressly indicate that prior offenses punished pursuant to these former code sections were included, the trial court sustained Blanquel's demurrer on March 24, 2000, transmuting his offenses into misdemeanors as a matter of law.

Effective October 10, 1999, the Legislature amended section 23550.5 to provide that current offenses under section 23152 are felonies if the defendant has previously been convicted of an offense which "was punished as a felony under [s]ection 23550 or this section, or both, *or under former [s]ection 23175 or former [s]ection 23175.5, or both.*" (Italics added.) The district attorney contends this enactment demonstrates that the omission of former sections 23175 and 23175.5 from the original version of section 23550.5 was nothing more than a scrivener's error. Having considered his petition, the responses thereto, oral argument from counsel, and the legislative history of section 23550.5, we agree.

## Discussion

■ The district attorney's petition presents an issue related to the proper construction of section 23550.5. ■ As we have previously explained, " 'Statutory interpretation is a question of law, which appellate courts review de novo. [Citation.]' [Citations.] ■ Our principal obligation, of course, is to ascertain the intent of the Legislature [citation], a task we *usually* accomplish by examining the words employed by the drafters, giving them their ordinary meaning. [Citations.]" (*Rash v. Lungren* (1997) 59 Cal.App.4th 1233, 1236-1237 [69 Cal.Rptr.2d 700], italics added.)

Of course, if application of this "usual" rule of construction would lead to an absurd result or thwart the manifest will of the Legislature, we are required to interpret the law in a manner which avoids the absurdity and is consistent with the legislative design. (See, e.g., *People v. Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232]; *People v. Pieters* (1991) 52 Cal.3d 894, 898 [276 Cal.Rptr. 918, 802 P.2d 420]; *Younger v. Superior Court* (1978) 21 Cal.3d 102, 113 [145 Cal.Rptr. 674, 577 P.2d 1014].) Such is the case here.

■ Prior to the enactment of section 23550.5, section 23175.5 required that offenses committed under section 23152 be treated as felonies if the

offender had been convicted of felony driving under the influence of alcohol within the 10 previous years. When section 23550.5 was added to the Vehicle Code, that did not change. Only the code section references were modified. The Legislature's failure to include former sections 23175 and 23175.5 in 23550.5 is, therefore, both surprising and ambiguous. Either the Legislature intended to immunize all individuals committing violations of section 23152 between July 1, 1999 and October 10, 1999 from felony treatment under section 23550.5, or it simply overlooked the fact that the former code sections needed to be included in the new provision.

It seems to us unlikely that the Legislature intended to turn into lottery winners offenders who happened to commit their offenses during a lucky 100-day window of time. And the legislative history confirms our impression in that regard.[1] When section 23550.5 was passed into law, the Legislative Counsel's Digest explained, "Existing law makes it a crime to drive a vehicle under the influence of alcohol . . . . [¶] This bill, the provisions of which would become operative on July 1, 1999, *would reorganize specified provisions* relating to the above described driving under the influence offenses *without making any substantive changes* to those provisions." (Legis. Counsel's Dig., Sen. Bill No. 1186 (1997-1998 Reg. Sess.) Stats. 1998, ch. 118, italics added.)

Moreover, in October 1999, when section 23550.5 was finally amended to include offenses punished under former sections 23175 and 23175.5, the legislative counsel observed that the amendment included "technical changes" necessary to "*correct* cross-references to other provisions of law." (Legis. Counsel's Dig., Assem. Bill No. 1236 (1999-2000 Reg. Sess.) Stats. 1999, ch. 706, italics added.) Thus, the legislative purpose is, as the district attorney suggests, pellucid: reorganization, not change.

Blanquel insists that application of section 23550.5 to his case would run afoul of constitutional ex post facto proscriptions and violate his right to fair notice under the due process clause of both the state and federal Constitution. We do not see it that way. Blanquel cannot credibly claim he is surprised by our explication of the law. The existence of prior felony convictions has always been considered an aggravating factor when a new offense is committed. And, as we have indicated, there is simply no evidence to suggest a radical departure from that basic principle was intended here.

The adoption of section 23550.5 did not alter the law or increase the penalty for Blanquel's offense. As we construe the provision, it was simply

---

[1]So does the enactment of Penal Code section 668.5, which took effect on September 7, 1999. That section provides, "An offense specified as a prior felony conviction by reference to a specific code section shall include any prior felony conviction under any predecessor statute of that specified offense that includes all the elements of that specified offense."

enacted as part of a grand renumbering of the statutes in the Vehicle Code. No substantive change in the law was intended or effected. Thus, application of section 23550.5 to Blanquel does not involve the retrospective application of a change in the law and violates neither ex post facto principles nor his right to due process of law. (See *People v. Wharton* (1991) 53 Cal.3d 522, 586 [280 Cal.Rptr. 631, 809 P.2d 290], citing *Bouie v. City of Columbia* (1964) 378 U.S. 347, 353, 354 [84 S.Ct. 1697, 1702-1703, 12 L.Ed.2d 894] [judicial construction of statute does not infringe right to fair warning that conduct is criminal where construction is not an " 'unforeseeable judicial enlargement of criminal statute' "]; accord, *People v. Sobiek* (1973) 30 Cal.App.3d 458, 474 [106 Cal.Rptr. 519, 82 A.L.R.3d 804], cert. den. *sub nom. Sobiek v. California* (1973) 414 U.S. 855 [94 S.Ct. 155, 38 L.Ed.2d 104].)

*Griego v. Los Angeles Unified School Dist.* (1994) 28 Cal.App.4th 515 [33 Cal.Rptr.2d 556] is directly analogous. In 1987, the Legislature repealed section 44882 of the Education Code and transferred its substance to newly enacted section 44929.21 of the same code. Having done so, it neglected to modify Education Code section 44975, which continued to refer to section 44882. The Court of Appeal concluded that the omission was simply the product of "legislative oversight" and read Education Code section 44975 as though it had been properly and comprehensively changed. (28 Cal.App.4th at p. 518, fn. 3.) The same approach is appropriate here.

Let a peremptory writ of mandate issue directing the trial court to vacate its ruling sustaining real party in interest's demurrer to counts 2 and 3 of the information and to enter a new and different order overruling the demurrer and reinstating the special allegation under section 23550.5.

Crosby, Acting P. J., and O'Leary, J., concurred.