[No. D044448. Fourth Dist., Div. One. Mar. 15, 2005.]

PHILIP D. SZOLD, Plaintiff and Appellant, v.
MEDICAL BOARD OF CALIFORNIA et al., Defendants and Respondents.

■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■

**COUNSEL**

DiCaro, Coppo & Popcke and Daniel P. Groszkruger for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Carlos Ramirez, Assistant Attorney General, Barry Ladendorf, Heidi Weisbaum and Beth Faber Jacobs, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

**AARON, J.—**

## I.

## INTRODUCTION

The Medical Board of California (Board) maintains a Web site on which it posts information pertaining to physicians licensed in California. If a licensee has completed a period of probation imposed by the Board, that information is posted on the Board's Web site. Dr. Philip D. Szold is a licensee who completed probation with the Board in July 2003. The Board's Web site states that Szold completed probation with the Board and lists the case number of the case from which the probation arose.

Szold filed a petition for a writ of mandamus in the trial court seeking an order requiring the Board to remove from its Web site any references to his having completed probation and any references to the case number from which the probation arose. Szold also requested that the Board delete from its

Web site any similar references to other licensees having completed probation. The trial court denied Szold's petition.

On appeal, Szold claims that the statute mandating that the Board disclose to the public information regarding its licensees (Bus. & Prof. Code,[1] § 803.1) and the statute mandating that the Board post on the Internet information pertaining to its licensees (§ 2027) do not permit the Board to post on its Web site information regarding a licensee's completion of probation. We disagree and affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 1999, the Board filed a three-count accusation for administrative disciplinary action against Szold. The Board alleged that Szold had committed various improper acts in connection with the treatment of a patient in 1995. The accusation was resolved by a stipulated settlement that was approved by the Board in July 2000. As a result of the settlement, Szold received a five-year period of probation, which was later reduced to three years. Szold's probation ended on July 13, 2003.

On or about the same date on which Szold's probationary period ended, the Board posted information on its Web site pertaining to Szold's completion of probation. Specifically, the Board posted Szold's name on a page entitled "Physician Information." Under a heading entitled "Public Disclosure" and a subheading entitled "Administrative Disciplinary Actions," the following information appeared:

"Case Number: 101998086051

"Description of Action: PROBATION COMPLETED

"Effective Date of Action: JULY 13, 2003"

The physician information page also states that the public may obtain copies of public documents by contacting the Board and provides a telephone number and mailing address.[2]

In December 2003, Szold filed a petition for writ of mandamus in the trial court. In his petition, Szold claimed that the statutes authorizing public

---

[1] Unless otherwise specified, all subsequent statutory references are to the Business and Professions Code.

[2] Previously, the Board's Web site stated this information in a slightly different manner, but the changes in the precise wording of the disclosure are not material to this appeal.

disclosure of information pertaining to licensees (§§ 803.1, 2027) do not permit the Board to post on its Web site information regarding a licensee's completion of probation. Szold sought a writ of mandamus ordering the Board[3] to remove from its Web site any reference to: (1) his completion of probation and (2) the case number from which his probation arose. Szold also requested that the Board delete from its Web site any similar references to other licensees having completed probation.

The Board filed an opposition to Szold's petition in which it claimed that sections 803.1 and 2027 authorized the Board to post the information regarding Szold's completion of probation. Szold filed a reply in which he reiterated his position that the posting of the information was not authorized by the relevant statutes.

The trial court issued a tentative ruling denying the petition. The court ruled that the Board was permitted to post the information on its Web site. The court also denied Szold's request for attorney fees. Szold requested oral argument. After hearing argument from Szold and the Board, the trial court confirmed its tentative ruling. Subsequently, the trial court entered a judgment denying the petition. Szold timely appeals.

III.

DISCUSSION

*Sections 803.1 and 2027 require the Board to post on its Web site information regarding a licensee's completion of a period of probation imposed by the Board*

Szold claims the trial court erred in denying his petition for a writ of mandate because sections 803.1 and 2027 do not permit the Board to post on its Web site information pertaining to his completion of a period of probation imposed by the Board.

■ "In reviewing a trial court's judgment on a petition for writ of ordinary mandate, the appellate court . . . exercises its independent judgment on legal issues, such as the interpretation of statutes." (*Abbate v. County of*

---

[3] In his petition, Szold also named as respondents, Ron Joseph, the executive director of the Board, and David T. Thornton, the chief of enforcement for the Board. These individuals are not material for disposition of this appeal. Therefore, for purposes of clarity, we refer to the respondents collectively as the Board.

*Santa Clara* (2001) 91 Cal.App.4th 1231, 1239 [111 Cal.Rptr.2d 412].) Szold's claim requires the interpretation of sections 803.1 and 2027. Accordingly, we apply a de novo standard of review.[4]

■ "In construing any statute, '[w]ell-established rules of statutory construction require us to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.' [Citation.] 'We first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent. [Citation.] The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context.' [Citation.] If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' [Citation.]" (*Whaley v. Sony Computer Entertainment America, Inc.* (2004) 121 Cal.App.4th 479, 484–485 [17 Cal.Rptr.3d 88].)

Section 803.1 provides in relevant part:

"(a) Notwithstanding any other provision of law, the Medical Board of California, the Osteopathic Medical Board of California, and the California Board of Podiatric Medicine shall disclose to an inquiring member of the public information regarding any enforcement actions taken against a licensee by either board or by another state or jurisdiction, including all of the following:

"(1) Temporary restraining orders issued.

"(2) Interim suspension orders issued.

"(3) Revocations, suspensions, *probations*, or limitations on practice ordered by the board, including those made part of a probationary order or stipulated agreement.

"(4) Public letters of reprimand issued.

"(5) Infractions, citations, or fines imposed. [¶] . . . [¶]

"(d) The Medical Board of California, the Osteopathic Medical Board of California, and the California Board of Podiatric Medicine shall, by regulation, develop standard terminology that accurately describes the different types of disciplinary filings and actions to take against a licensee as described

---

[4] We note that while we may accord "consideration" and "respect" to the Board's interpretation of sections 803.1 and 2027 (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 7–8 [78 Cal.Rptr.2d 1, 960 P.2d 1031]), "agency interpretations are not binding or . . . authoritative" (*id.* at p. 8), and "[c]ourts must . . . independently judge the text of [a] statute. . . ." (*Id.* at p. 7.)

in paragraphs (1) to (5), inclusive, of subdivision (a). In providing the public with information about a licensee via the Internet pursuant to Section 2027, the Medical Board of California, the Osteopathic Medical Board of California, and the California Board of Podiatric Medicine shall not use the terms 'enforcement,' 'discipline,' or similar language implying a sanction unless the physician and surgeon has been the subject of one of the actions described in paragraphs (1) to (5), inclusive, of subdivision (a)." (Italics added.)

Section 2027 provides in relevant part:

"(a) On or after July 1, 2001, unless otherwise authorized by the Department of Information Technology pursuant to Executive Order D-3-99, the board shall post on the Internet the following information in its possession, custody, or control regarding licensed physicians and surgeons:

"(1) With regard to the status of the license, whether or not the licensee is in good standing, subject to a temporary restraining order (TRO), subject to an interim suspension order (ISO), or subject to any of the enforcement actions set forth in Section 803.1.

"(2) With regard to prior discipline, whether or not the licensee has been subject to discipline by the board of another state or jurisdiction, as described in Section 803.1. [¶] . . . [¶]

"(8) *Any information required to be disclosed pursuant to Section 803.1.*" (Italics added.)

██    Section 803.1, subdivision (a) requires the Board to "disclose to an inquiring member of the public information regarding any enforcement actions taken against a licensee" by the Board or by another state, including "probations" (§ 803.1, subd. (a)(3)). Section 2027 requires the Board to post on the Internet "[a]ny information required to be disclosed pursuant to Section 803.1." Thus, pursuant to their plain language, section 2027, subdivision (a)(8) and section 803.1, subdivision (a)(3) require the Board to post on the Internet information regarding periods of probation imposed by the Board on a licensee.

Further, the legislative history of section 2027 supports the conclusion that the Board is required to post on the Internet information pertaining to a licensee's completion of a period of probation imposed by the Board. The legislative history suggests that the Legislature intended to specifically require the Board to post a licensee's disciplinary history with the Board, but

that due to a drafting error, the statute as enacted contained only a specific reference to the posting of a licensee's prior discipline history with *other* states.

When the bill creating section 2027 was introduced, it provided that the Board was required to post on the Internet, "[w]ith regard to prior discipline, whether or not the licensee has ever been subject to discipline by the board *or* another state or jurisdiction." (Assem. Bill No. 103 (1997–1998 Reg. Sess.) § 6, italics added.) The bill was later amended to provide: "With regard to prior discipline, whether or not the licensee has been subject to discipline by the board *of* another state or jurisdiction during the last 10 years." (Assem. Bill No. 103 (1997–1998 Reg. Sess.) § 7, as amended Apr. 9, 1997, italics added.) Subsequently, the time limitation was eliminated. The provision was eventually enacted as follows: "[w]ith regard to prior discipline, whether or not the licensee has been subject to discipline by the board of another state or jurisdiction." (Stats. 1997, ch. 359, § 7.)

The legislative history does not contain any discussion of the reason for the change in the language of the bill from "the board *or* another state or jurisdiction" to "the board *of* another state or jurisdiction." More tellingly, even after the substitution of the word "of" for "or" in the text of the bill, the bill was described on numerous occasions in various legislative committees and on the floor of the Senate as requiring that the Board post on the Internet information pertaining to a licensee's disciplinary history with the Board *or* another state or jurisdiction. (Assem. Com. on Health, Rep. on Assem. Bill No. 103 (1997–1998 Reg. Sess.) Apr. 22, 1997, p. 3; Assem. Com. on Health, Rep. on Assem. Bill No. 103 (1997–1998 Reg. Sess.) May 6, 1997, p. 3; Sen. Com. on Bus. & Prof., Rep. on Assem. Bill No. 103 (1997–1998 Reg. Sess.) June 23, 1997, p 2; Sen. Rules Com. Floor Analysis of Assem. Bill No. 103 (1997–1998 Reg. Sess.) July 9, 1997, p. 3.) Thus, it appears the Legislature intended to specifically require the posting of information pertaining to a licensee's disciplinary history with the Board and that the insertion of the word "of" for "or" was an inadvertent drafting error. We interpret statutes so as to avoid giving effect to drafting errors. (See, e.g., *People v. Superior Court (Blanquel)* (2000) 85 Cal.App.4th 768, 771 [102 Cal.Rptr.2d 429].)

In any event, whether or not the Legislature intended to specifically reference the posting of a licensee's prior disciplinary history with the Board on the Internet in section 2027, subdivision (a)(2), the Legislature did require the posting of such information through the catchall posting provision in section 2027, subdivision (a)(8). Therefore, we reject Szold's contention that the requirement in section 2027, subdivision (a)(2) that the Board post on the Internet "whether or not the licensee has been subject to discipline by the board *of another state* or jurisdiction, as described in Section 803.1" (italics added), prohibits the Board from posting whether or not the licensee has been subject to discipline by the Board itself.

■ We acknowledge that our interpretation of the catchall provision of section 2027, subdivision (a)(8), renders the specific posting requirement of prior disciplinary history in section 2027, subdivision (a)(2) surplusage because all of the information required to be posted pursuant to subdivision (a)(2) is also required to be posted pursuant to subdivision (a)(8). However, to interpret section 2027, subdivision (a)(2), to *prohibit* the posting of information pertaining to prior discipline imposed by the Board would require that we add to section 2027, subdivision (a)(2) language that does not appear in the statute, and would also require that we fail to give full effect to section 2027, subdivision (a)(8). Further, Szold offers no reasonable explanation as to why the Legislature would *require* the Board to post information pertaining to a licensee's prior disciplinary history with another state on the Internet and *require* the Board to disclose information pertaining to prior discipline imposed by the Board to an inquiring member of the public, yet at the same time *prohibit* the Board from posting on the Internet information pertaining to probation imposed by the Board. In short, Szold's interpretation of sections 803.1 and 2027 is inconsistent with the plain language and purpose of the statutes.

■ We also reject Szold's contention that various "policy considerations" prohibit the Board from posting on the Internet information regarding a licensee's probationary history with the Board. Szold claims that the posting of a licensee's probationary history is a breach of the Board's promise to "fully restore" a licensee's license upon completion of probation. The Board's posting of a licensee's probationary history on the Internet is statutorily required and does not affect a licensee's license status with the Board. Therefore, we reject Szold's argument that any alleged promise the Board has made to "fully restore" a probationer's license could nullify the Board's statutorily required disclosure duties or that the posting of such information constitutes a breach of the Board's promise. We also reject Szold's contention that the Board's reference to his having completed a period of probation imposed by the Board, without further explanation as to the circumstances of such probation, is vague and misleading. The Board's statement that Szold completed a period of probation imposed by the Board is accurate, and is neither vague nor misleading.

## IV.

## CONCLUSION

■ The Board is statutorily required, pursuant to sections 803.1 and 2027, to post on its Web site information pertaining to a licensee having completed probation imposed by the Board.[5]

---

[5] Szold also claimed that, were he to prevail in this court, he would be entitled to attorney fees pursuant to Code of Civil Procedure section 1021.5 and Government Code section 800. In light of our conclusion, we need not consider this claim.

## V.

## DISPOSITION

The judgment is affirmed. Szold shall bear costs on appeal.

Huffman, Acting P. J., and McDonald, J., concurred.