Filed 7/23/13  Certified for publication 8/21/13 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ERICA COX, | B239693 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS128454) |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County,

Ann I. Jones, Judge.  Affirmed.

Trygstad, Schwab & Trygstad, Lawrence B. Trygstad and Richard J. Schwab for

Plaintiff and Appellant.

Office of General Counsel, Los Angeles Unified School District and

Marcos F. Hernandez for Defendant and Respondent.

## INTRODUCTION

Petitioner and appellant Erica Cox appeals an order denying her petition for writ of mandate. She sought to compel respondent Los Angeles Unified School District (LAUSD) to classify her as one of its permanent employees, effective July 1, 2009, and to provide her with appropriate pay and benefits. We agree with the trial court's analysis and ruling. We therefore will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

With a seniority date of March 12, 2009, Cox became a probationary counselor at Crenshaw High School (Crenshaw), with a normal workday of six hours. After successfully completing the 2007-2008 school year, Cox continued her probationary status the next school year.

LAUSD paid Cox maternity leave from September 2, 2008 through October 31, 2008. The next month, she returned to Crenshaw, her first time on a normal basis for the 2008-2009 school year. That school year had 182 work days.

For the school year of 2009-2010, Cox was classified as a second year probationary employee. LAUSD took the position that Cox did not complete her probationary status for the 2008-2009 school year because she did not satisfy Education Code section 44908's "complete school year" requirement of "at least 75 percent of the number of days" for that year.

On March 8, 2010, LAUSD notified Cox that she was not selected for a certificated position for the next school year. On March 10, Cox received a layoff notice, and on June 24, 2011, LAUSD issued her a final layoff notice.

2

In September, 2011, Cox filed a petition for relief under Code of Civil Procedure section 1085. She argued that 30 more hours should be added to her work record to satisfy the "complete school year" requirement for 2008-2009. In support of her claim, Cox submitted declarations stating, in effect, that during her maternity leave she had expended those hours in preparing a grant application on behalf of LAUSD. The trial court, however, held that those declarations were inadmissible.

Cox's declaration dated November 7, 2011, was stricken on the ground that it contained information contrary to her prior deposition testimony. As the trial court noted, Cox "clearly testified that she had no additional documentary evidence in support of her claims at her deposition." In addition, the trial court sustained LAUSD's written objections to Cox's evidence on the ground of lack of foundation. At the hearing on Cox's petition, the trial court also sustained oral objections "to the declarations of Erica Cox, Krystal O'Leary and Dwyna Blackmon as lacking in foundation regarding when [Cox] worked on the grant application." As a result, the trial court concluded that "the state of the record is that there is no competent evidence in the record to support [Cox's] allegation that she worked for [LAUSD] during her maternity leave."

The trial court also rejected Cox's alternative argument that, when her "partial day" was added to the given 135 days, she actually worked 74.7% of the 2008-2009 school year; that percentage, when rounded up, satisfied the "complete school year" requirement. In support of her "rounding up" and using "hours" assertions, Cox relied on *Vittal v. Long Beach Unified Sch. Dist.* (1970) 8 Cal.App.3d 112 (*Vittal*), and *Griego v. Los Angeles Unified School Dist.* (1994) 28 Cal.App.4th 515 (*Griego*). Cox argued

3

that those two decisions rejected a "literal construction" of Education Code sections 44908 and 44929.21(b).

### CONTENTIONS ON APPEAL

Cox contends that (1) LAUSD failed to properly credit her with the total number of hours that she worked and (2) the trial court erroneously excluded admissible evidence that, if received, would have established that she had worked the required number of hours.

### DISCUSSION

1.    *Standard of Review*

On review of a trial court's denial of a section 1085 mandate petition, "[o]ur task is to determine whether substantial evidence in the administrative record supports the trial court's ruling [citation], except when the appellate issue is a pure question of law. The question presented in this case -- whether the trial court applied the correct standard of review -- is a question of law. We review questions of law de novo." (*Alberda v. Board of Retirement of Fresno County Employees' Retirement Assn.* (2013) 214 Cal.App.4th 426, 433-434.)

As the trial court's ruling was based upon an analysis of case law and statutes, we proceed with a de novo review. However, as summarized above, that court also made evidentiary rulings with respect to declarations submitted by Cox. We cannot reverse the trial court's exclusion of evidence unless Cox satisfies her burden of showing those rulings both were erroneous and prejudicial. (*Zhou v. Unisource Worldwide* (2007) 157 Cal.App.4th 1471, 1480.)

4

2.    *Relevant Statutory Provisions*

Education Code section 44908 defines a "complete school year" as "at least 75 percent of the number of days the regular schools of the district in which he is employed are maintained . . . . "  A probationary employee, such as Cox, must serve "two complete consecutive school years in a position or positions requiring certification qualifications" prior to becoming classified as a permanent employee.  (Educ. Code, § 44929.21(b).)

It is undisputed that Cox satisfied the "complete school year" requirement in 2007-2008.  For the school year of 2008-2009, the parties acknowledge that requirement was 136.5 days (182 total days x .75).  As LAUSD admits Cox worked 135 days that year, she must establish that she worked at least 1.5 additional days.

Cox advances two distinct arguments to support her claim of entitlement to credit for the necessary additional days:  (1) for her work on a grant application, LAUSD paid her 30 hours, in effect 5 more days; and, (2) LAUSD acknowledges Cox worked an additional "partial day" of 3 1/2 hours which, she asserts, must be counted and "rounded up."

3.    *The Grant Application Claim*

Cox claims that she worked on a grant application for which she was in fact compensated by LAUSD.  Her position seems contradictory.  That is, her stricken declaration and her legal briefs indicate she did that work while on maternity leave; on the other hand, in oral argument before this court, Cox's counsel indicated that work

5

occurred during the time period of November 5-9, after her return from maternity leave. In any event, as explained below, this claim fails.

The trial court sustained LAUSD's objections to most, if not all, of her evidence in support of this claim. Cox now argues that she "had personal knowledge of the facts" and her rejected declarations were "relevant." But, as discussed above, those were not the reasons why the trial court sustained the evidentiary objections of the LAUSD and struck such proffered evidence. The trial court ruled her evidence asserted claims that were contrary to her prior deposition and also lacked foundation. Cox has not addressed those issues on appeal or explained, as she must under *Zhou*, *supra*, why the trial court's order was erroneous or how she was prejudiced by the ruling.

Assuming, *arguendo*, that Cox had submitted proper evidence to the trial court, this claim still fails. During her maternity leave, as even she acknowledges, LAUSD paid no compensation to Cox other than "maternity leave pay." In November 2008, she was paid for what appears to be "Z-time." In any event, Cox stresses that, just after her return to full-time status, LAUSD paid her five additional hours, beyond her normal six hours, each day on November 5-7 (Wednesday-Friday), another eight hours on Saturday, November 8, and an additional seven hours on Sunday, November 9. She argues this shows that she worked on the grant application. While those payments may infer she worked more hours (e.g., a school rarely pays extra for no work), the question still remains whether those hours may be counted to satisfy her "complete school year requirement." We answer that question in the negative.

6

As noted above, section 44908 refers just to "days" not "hours." So, even if Cox was paid for more than six hours on November 5-7, any additional hours do not yield another "day." She asserts that "Section 44908 does not require that a probationary employee have worked on any particular day." Yet, the wording of section 44908 (i.e., the school year is counted by adding up the "number of days the regular schools of the district . . . are maintained") indicates otherwise; that is, by using words such as "maintained," only a day in which schools are "open" (e.g., not a Saturday or a Sunday) count. Moreover, if Cox were correct, the number of "counting" days for the 2008-2009 school year would not be 182 - but more if, say, a Saturday or a Sunday could also be added.

When she was on maternity leave, she was not full-time at Crenshaw. Such leave, whether or not she then worked on a grant application, therefore cannot count for section 44908 purposes. (*Hunt v. Alum Rock Union Elementary Sch. Dist.* (1970) 7 Cal.App.3d 612, 614-615 (prior Educ. Code, §§ 13328 and 13304 "requires 75 percent attendance by probationary teachers as a condition of achieving permanent status."). As the *Hunt* court observed, physically in attendance equates to "experience." (*Id.*, at p. 614.) Furthermore, according to the LAUSD, actual participation during a "school day" is important for an probationary employee's experience and simplifies the LAUSD's evaluation of that employee; that makes sense to us.

Another barrier to Cox's claim is Education Code section 44975, which prescribes: "No leave of absence when granted to a probationary employee . . . shall not be considered as employment within the meaning of . . . Sections 44908 to 44919,

7

inclusive." This section provides that the time period when a probationary employee is on a "leave of absence" does not count towards the "complete school year" requirement of section 44908. Cox's rejoinder is that "if an employee works during her leave and is later paid for that work, it would be unconscionable to deny her credit for time worked" and "if an employee works during a leave and is paid, the employee was not on a leave for the time she worked." Beyond that rejoinder, however, she offers no authority for ignoring the force of section 44975. We, however, cannot overlook the clear language of that section.

4. *The "Partial Day" Claim*

LAUSD concedes that Cox worked an additional 3 1/2 hours. Yet, continues the LAUSD, that makes no difference because Cox cannot count those "hours," or "round up" those hours into a day, or "round up" her assumed 74.7% to satisfy section 44908.

It must be stressed that section 44908 states "at least 75 percent of the number of days . . . ." There is no reference therein to "hours" or to "rounding up." We cannot substitute "hours" for "days" on nothing more than the argument of counsel. The same applies to "rounding up." Additionally, the statute itself belies Cox's claim. The Legislature expressly said "at least 75 percent of the number of days." We cannot hold that it really meant something else (e.g., "hours" or slightly less, i.e.,74.7%).

Cox relies upon *Vittal* or *Griego,* but neither supports her expansive interpretations or provides a basis for rejecting a "literal" approach in interpreting key statutes. Indeed, *Griego* commands: "In construing a statute . . . significance should be given to every word, phrase, sentence and part; a construction making some words

8

surplusage is to be avoided." (*Griego*, *supra*, 28 Cal.App.4th at pp. 518-519.) In short, we cannot overlook section 44908's clear language.

In *Vittal,* the school district's employee was assigned to work at a junior college. The appellate court evaluated an Education Code section (since repealed, with no current comparison), providing that a probationary employee in a junior college district could complete a school year with 75 percent of the number of hours. The use of hours there, though, applied only from 1956 to 1968 when the plaintiff taught different hours, sometimes 3 or 4 days a week. (*Vittal, supra*, 8 Cal.App.3d at p. 117.) We decline to apply that situation to this dispute. Moreover, in considering why the Legislature did what it did with respect to the statute in question, *Vittal* made reference to the "usual and general prevailing situation in elementary and secondary schools in which teachers are assigned to classes taught five days a week. Thus, the requirements of the section [with respect to such teachers] were expressed in terms of days." (*Id.*, at p. 120.)

*Griego* stands for the proposition that Education Code section 44949.21 must be harmonized with Education Code section 44975. In construing both of those sections, that court concluded that a leave of absence does not create a break in the continuity of service required for classifying an employee as permanent. The rule at issue here is not related to "a break in the continuity of service," but instead how to satisfy the specific requirements of section 44908. We see no rationale to extend *Griego's* conclusion to this appeal.

## *CONCLUSION*

We conclude that Cox's claims find no support in an evidentiary sense or in the relevant sections of the Education Code. As the trial court observed,"[w]hile it may appear draconian, [Cox's] failure to work one and a half additional days during the 2008-2009 school year supports [LAUSD's] conclusion that the year's service did not constitute a complete school year. [Cox] was, therefore, properly classified as a probationary employee in 2009-2010, and on March 8, 2010, was properly notified that she was non-reelected effective at the end of that year."

## *DISPOSITION*

The order is affirmed.  LAUSD shall recover its costs on appeal.


                                              HEESEMAN, J.

WE CONCUR:



CROSKEY, Acting P. J.



ALDRICH, J.

Filed 8/21/13

*CERTIFIED FOR PUBLICATION*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ERICA COX,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>    Defendant and Respondent. | B239693<br><br>(Los Angeles County<br>Super. Ct. No. BS128454)<br><br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion in the above-entitled matter filed on July 23, 2013, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

[There is no change in the judgment.]